# EXHIBIT 1



# CT Corporation

**Service of Process Transmittal**
07/14/2020
CT Log Number 537937482

**TO:** RENEE SIMONTON, President
RELX Inc.
1101 BARTON CIR
WILMINGTON, DE 19807-3042

**RE:** Process Served in Florida

**FOR:** LexisNexis Risk Solutions Inc. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ROBERTO ORTIZ, PLTF. vs. EXPERIAN INFORMATION SOLUTIONS, INC., ET AL., DFTS. //TO: LEXISNEXIS RISK SOLUTIONS, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 119CV22601DPG |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/14/2020 at 12:59 |
| **JURISDICTION SERVED:** | Florida |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/14/2020, Expected Purge Date: 07/19/2020<br><br>Image SOP<br><br>Email Notification, RENEE SIMONTON  renee.simonton@relx.com<br><br>Email Notification, DEBRA MURPHY  debra.murphy@relx.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of 1 / DC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

| | |
|---|---|
| **Date:** | Tue, Jul 14, 2020 |
| **Server Name:** | Drop Service |
| **Location:** | Plantation, FL |
| Entity Served | LEXISNEXIS RISK SOLUTIONS INC |
| Agent Name | |
| Case Number | 1:19CV22601DPG |
| Jurisdiction | FL |



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

MF
#3n
07-14,2020
12:50 PM

| | |
|---|---|
| ROBERTO ORTIZ, ) | |
| Plaintiff ) | |
| v. ) | Civil Action No.  1:19-cv-22601-DPG |
| EXPERIAN INFORMATION SOLUTIONS, INC., *et al.* ) | |
| Defendants ) | |

**SUBPOENA TO TESTIFY AT A VIDEOCONFERENCE DEPOSITION IN A CIVIL ACTION**

To: LexisNexis Risk Solutions, Inc.
c/o C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. See Exhibit A

| Place: | 1000 ALDERMAN DR. ALPHARETTA, GA 30005 | Date and Time: | July 23, 2020 at 10:00 a.m. ET |
|---|---|---|---|
| | Via Internet videoconference (information to be provided) | | |
| The deposition will be recorded by this method: | | Stenographic and/or audio-visual means | |

☒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 8, 2020

*CLERK OF COURT*

                                          OR

_____     _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Roberto Ortiz                                                   , who issues or requests this subpoena, are:
Joey D. Gonzalez, P.O. Box 145073, Coral Gables, FL 33114, joey@joeygonzalezlaw.com, (305)720-3114; Leo Bueno, P.O. Box 141679, Coral Gables, FL 33114, leo@buenolaw.com, (305)669-5260.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of

4309686.1

the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.    1:19-cv-22601-DPG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                         _____
                                                                    *Server's signature*

                                                                    _____
                                                                    *Printed name and title*

                                                                    _____
                                                                    *Server's address*

Additional information regarding attempted service, etc.:

4309686.1

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply.
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT A**

### Matters for Examination

1. All documents or lack thereof produced by LexisNexis Risk Solutions, Inc. ("LexisNexis") in response to this subpoena.

2. LexisNexis' policies and procedures and/or usual and customary standards or actions in place from 2014 – present regarding selling information about consumers to credit reporting agencies.

3. LexisNexis' relationship with Experian or TransUnion.

4. The information about Plaintiff regarding American Honda Finance Corporation that you reported to TransUnion and Experian. See attachment.

5. Description of how you conduct your business and how you disseminate that information, *e.g.*, to credit reporting agencies.

6. How did you obtain Plaintiff's information pertaining to American Honda Finance Corporation.

7. To whom, when and how you disseminated the information about Plaintiff pertaining to American Honda Finance Corporation.

8. Your reporting of Plaintiff's information to TransUnion or Experian. See attachment.

### Request to Produce Documents and Tangible Things

9. Letters, e-mails or other communications you sent to TransUnion and Experian regarding Plaintiff.

10. All other documents in your possession related to each of Plaintiff's credit application.

11. Documents you need to accurately respond to the areas of inquiry listed in the above section entitled "Matters for Examination".

**ROBERTO ORTIZ Jr| Report # 0070-4877-72 for 09/06/18**

**be able to see other insurance company inquiries).**



**LEXISNEXIS/INS/P&C** 1000 ALDERMAN DR   ALPHARETTA GA 30005 (866) 323 0932
On behalf of UNIVERSAL NORTH AMERICA for Insurance underwriting
**Date of inquiry:** Jul 31, 2018